UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL NO. 26-409(DSD/LIB)

Elamilena V.,

    Petitioner,

v.

                                                    **ORDER**

Pamela Bondi, Attorney General;
Kristi Noem, U.S. Department of
Homeland Security; Todd M.
Lyons, Acting Director of
Immigration and Customs
Enforcement; and David
Easterwood, Acting Director,
St. Paul Field Office,
Immigration and Customs
Enforcement,

    Respondents.

This matter is before the court upon the petition for writ of habeas corpus. Based on a review of the file, record, and proceedings herein, the court grants the petition.

Petitioner Elamilena V. is a citizen of Colombia. Pet. ¶ 27. Elamilena entered the United States on December 13, 2022. Id. ¶ 3, 15. She was detained and later released from custody and paroled pursuant to INA § 212(d)(5)(A). Id. ¶ 15. Elamilena filed a Form I-589, Application for Asylum, Withholding of Removal and Protection under the CAT with the USCIS on February 21, 2025. Id. ¶ 30. She does not yet have a scheduled interview with USCIS

regarding her I-589.  Id.  Elamilena has no criminal record or pending criminal charges.  Id. ¶ 31.

On January 17, 2026, respondents detained Elamilena.  Id. She remains in respondents' custody in Minnesota.  Id.

Through her petition, brought under 28 U.S.C. § 2241, Elamilena challenges her detention and requests immediate release or an expedited bond hearing.  The narrow issue presented is whether Elamilena is subject to 8 U.S.C. § 1225(b)(2), which mandates detention, or 8 U.S.C. § 1226, which is discretionary with respect to detention pending a bond hearing.  Elamilena argues that respondents have erroneously classified her as falling under § 1225(b)(2), which violates her Fifth Amendment right to due process, the Immigration and Nationality Act, 8 U.S.C. §§ 1225(b)(2) and 1226(a), and related regulations, and the Administrative Procedures Act, 5 U.S.C. § 706(2)(A).  Id. ¶¶ 76-106.

The issue presented has been ruled on by many judges in this district and beyond.  The great weight of authority persuasively holds that Elamilena and others in her circumstances have been improperly detained under § 1225(b)(2) and should be allowed the processes available under § 1226.  See Elias C. v. Bondi, No. 26-cv-307, 2026 WL 145962 (D. Minn. Jan. 20, 2026) (collecting cases). Indeed, courts have overwhelmingly ruled that § 1225(b)(2) applies to applicants "seeking admission," and that § 1226 applies to

2

"aliens already in the country." See id.  The court agrees with such authority and will follow suit without additional discussion. The court is not persuaded that Elamilena's asylum application should yield a different result.  See Yessenia S.T. v. Bondi, No. 26-cv-30, 2026 WL 102407 (D. Minn. Jan. 14, 2026).

Accordingly, **IT IS HEREBY ORDERED that t**he petition for writ of habeas corpus [ECF No. 1] is granted as follows:

1.   Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, under the discretionary provisions of 8 U.S.C. § 1226;

2. Respondents shall provide petitioner a bond hearing in accordance with 8 U.S.C. § 1226(a)(2)(A) within seven days of the date of this order;

3.   If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, petitioner must be immediately released from detention; and

4. Respondents are enjoined from removing, transferring, or otherwise facilitating the removal of petitioner from the District of Minnesota before the bond hearing.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  January 26, 2026         /s David S. Doty
                                 David S. Doty, Judge
                                 United Stated District Court